# **EXHIBIT A**

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
(TORT) — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 1681CV1192

Betty D. Glanton
..................................................., Plaintiff(s)

v.

Whole Foods Market Group, Inc.
..................................................., Defendant(s)

A TRUE COPY ATTEST
_____
DEPUTY SHERIFF
Middlesex County

5-9-16
DATE OF SERVICE

### SUMMONS

To the above-named Defendant: Whole Foods Market Group, Inc.

You are hereby summoned and required to serve upon Blaine J. DeFreitas, Esquire ............................................. plaintiff's attorney, whose address is 1 Pleasant Street Maynard, MA 01754 ..............................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ........................................ ................................................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Woburn, MA
the 3rd day of May
......................, in the year of our Lord 2016

..................................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## THE COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT
DOCKET NUMBER:
1684-CV-1192

BETTY D. GLANTON,

    Plaintiff,

v.

WHOLE FOODS MARKET GROUP, INC.,

    Defendant.

## COMPLAINT AND JURY DEMAND OF THE PLAINTIFF

### PARTIES

1. The Plaintiff, Betty D. Glanton is a natural person residing at 12 McAdams Road, Framingham, Massachusetts 01701.

2. The Defendant, Whole Foods Market Group, Inc., ("Whole Foods Market") is a corporation with a place of business at 575 Worcester Road, Framingham, Massachusetts 01701.

### COUNT I

3. The prior paragraphs of the within Complaint are re-incorporated herein by reference.

4. On November 13, 2013 the Defendant, Whole Foods Market was the occupier, tenant or landlord, and responsible for the upkeep, care, safety, maintenance, and supervision of the real estate at 575 Worcester Road, Framingham, Middlesex County, Massachusetts.

5. On November 13, 2013 the Defendant Whole Foods Market operated a grocery store at 575 Worcester Road, Framingham, Middlesex County, Massachusetts.

6. On November 13, 2013, the said Plaintiff, Betty D. Glanton, was caused to slip and fall and she thereby sustained severe personal injuries while walking in the Defendant's grocery store at 575 Worcester Road, Framingham, Massachusetts.

1

7. The Plaintiff Betty D. Glanton was caused to slip and fall as a direct and proximate result of the negligence of the Defendant, Whole Foods Market as follows:

   a. The said Defendant negligently failed to provide a warning or alternate access for persons to use while at the Defendant's realty when it knew, or in the exercise of reasonable care should have known, that customers, including this Plaintiff, would be exposed to an unreasonable risk of harm while traveling said area without a warning, repair, or abatement.

   b. The Defendant negligently maintained or caused to be maintained, the public shopping area at the realty, improperly allowing an unsafe floor to be used, causing it to be unreasonably dangerous to pedestrians using said walkway area.

   c. The Defendant negligently failed to provide an alternate means of traversing on said realty for persons and customers such as the Plaintiff, Betty D. Glanton, which would eliminate the necessity of using said area.

   d. The Defendant negligently failed to warn the users of said walkway area, and particularly this Plaintiff, of the dangerous nature of said walkway, and of the safe and proper method of using said walkway area.

   e. The Defendant negligently failed to inspect said walkway for dangerous conditions and negligently failed to repair the said walkway when it knew, or in the exercise of reasonable care should have known, that such conditions greatly increased the risk that persons, including this Plaintiff, would slip and fall on said walkway area.

   f. The Defendant negligently failed to guard the area of the walkway area where the fall occurred used or to warn pedestrians of the presence of such when it knew, or in the exercise of reasonable care should have known, that such area created an unreasonable risk of harm to pedestrians, including this Plaintiff.

   g. The Defendant negligently failed to maintain a proper walkway, resulting in a dangerous area at the relevant premises.

   h. The Plaintiff's fall was caused by the Defendant's negligence, its failure to keep and maintain the relevant floor in a reasonably safe condition. It failed to provide adequate utilization of slip prevention measures or devices in areas which had to be traversed by persons such as Betty D. Glanton.

8. At all times relevant hereto, the Plaintiff, Betty D. Glanton, was lawfully on the premises of the Defendant. As such, the Defendant owed a duty of reasonable care to the Plaintiff, Betty D. Glanton.

9. The Defendant acted in a careless manner by negligently maintaining, and/or allowing a dangerous condition to exist on the relevant premises while the Plaintiff, Betty D. Glanton, was lawfully on the premises.

2

10. The Plaintiff, Betty D. Glanton, was at all times pertinent to this Complaint, in the exercise of due care and without contributory negligence.

11. The Plaintiff, Betty D. Glanton, was prevented from carrying out the tasks of her household, and was obliged to expend monies for medical care and attendance.

12. As the direct and proximate result of the negligence and carelessness of the Defendant as set forth above, the Plaintiff was caused to fall and sustain severe personal injuries. She has suffered and continues to suffer pain of body and mind. She has been unable to carry on her normal activities and her health and ability to enjoy life have been adversely affected.

**WHEREFORE**, the Plaintiff, Betty D. Glanton, demands judgment against the Defendant in an amount to be determined by this Court, plus interest, costs and such other relief as is just.

### COUNT II (State Building Code and Sanitary Code)

13. The prior allegations of the within Complaint are re-incorporated herein by reference.

14. The Defendants was the owner, tenant, and/or party in control of the relevant real estate at 575 Worcester Road, Framingham, Middlesex County, Massachusetts on and about November 13, 2013.

15. The Defendant, Whole Foods Market, for the reasons set forth herein, and by neglecting, failing, and refusing to maintain a safe egress at the relevant premises, is liable to the Plaintiff for all of her damages, due to its violations of the State Building Code and State Sanitary Code, including but not limited to 780 C.M.R. 103.1 *et seq.* and 105 C.M.R. 410.452.

**WHEREFORE**, the Plaintiff, Betty D. Glanton, demands judgment against the Defendant in an amount to be determined by this Court, plus interest, costs and such other relief as is just.

### COUNT III (Strict Liability)

16. The prior allegations of the within Complaint are re-incorporated herein by reference.

17. The Defendant was the owner, tenant and/or party in control of the relevant real estate at 575 Worcester Road, Framingham, Middlesex County, Massachusetts.

18. The Defendant, by neglecting, failing, and refusing to maintain a safe egress at the relevant premises, is strictly liable to the Plaintiff for all of her damages, per M.G.L. Chapter 143, section 51.

**WHEREFORE**, the Plaintiff, Betty D. Glanton, demands judgment against the Defendant in an amount to be determined by this Court, plus interest, costs and such other relief as is just.

### THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS

Respectfully submitted,

The Plaintiff, Betty D. Glanton,
By her attorney,

Dated: April 20, 2016

_____
Edmund P. Hurley (B.B.O. No. 556019)
Blaine J. DeFreitas & Associates
One Pleasant Street
Maynard, MA 01754
978-897-0339
Facsimile: 978-897-6146
DeFreitasLaw@comcast.net

4

THE COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT
DOCKET NUMBER:
1691-CV-1192

BETTY D. GLANTON,

    Plaintiff,

v.

WHOLE FOODS MARKET GROUP, INC.,

    Defendant.

## THE PLAINTIFF'S JURY DEMAND

Now Comes the Plaintiff, Betty D. Glanton, and hereby requests and demands a jury trial on all counts.

Respectfully submitted,

The Plaintiff, Betty D. Glanton,
By her attorney,

Dated: April 20, 2016

Edmund P. Hurley (B.B.O. No. 556019)
Blaine J. DeFreitas & Associates
One Pleasant Street
Maynard, MA 01754
978-897-0339
Facsimile: 978-897-6146
DeFreitasLaw@comcast.net

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 1681-CV-1192 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Betty D. Glanton | | COUNTY | |
|---|---|---|---|---|
| ADDRESS: | 12 McAdams Road | | | Middlesex |
| | Framingham, MA 01701 | DEFENDANT(S): | | Whole Foods Market Group, Inc. |
| ATTORNEY: | Edmund P. Hurley - Blaine J. DeFreitas & Associates | | | |
| ADDRESS: | One Pleasant Street | ADDRESS: | | 575 Worcester Road |
| | Maynard, MA 01754 | | | Framingham, MA 01701 |
| BBO: | 556019 | | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Tort | F | ☐ YES  ☐ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ............................................................................................................... $ 9,427.00
 2. Total doctor expenses ................................................................................................................. $ 6438.19
 3. Total chiropractic expenses ........................................................................................................ $ 0.00
 4. Total physical therapy expenses ................................................................................................ $ 0.00
 5. Total other expenses (describe below) ...................................................................................... $ 1,449.42
      Ambulance                                                                                       Subtotal (A): $ 17,314.61
B. Documented lost wages and compensation to date ................................................................... $ 0.00
C. Documented property damages to dated .................................................................................... $ 0.00
D. Reasonably anticipated future medical and hospital expenses ................................................. $ 0.00
E. Reasonably anticipated lost wages .............................................................................................. $ 0.00
F. Other documented items of damages (describe below) ............................................................. $ 0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
 Ms. Glanton, in addition to other injuries, suffered two fractures in her right wrist. She had delicate right wrist surgery. The surgery was a right distal radius open reduction and internal fixation. She has a permanent scar.

                                                                                                TOTAL (A-F): $ 17,314.61

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

                                                                                                TOTAL $

Signature of Attorney/Pro Se Plaintiff: X                                                       Date:

RELATED ACTIONS: Please provide the case number, case name, and count of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                                              Date: 4/20/16

TurboLaw (800) 518-8726